UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORETTA LITTLE, *et al.*, <br><br> Plaintiffs <br><br> v. <br><br> PFIZER, INC., *et al.*, <br><br> Defendants. | No. C-14-1177 EMC <br><br> **ORDER GRANTING DEFENDANT PFIZER, INC.'S MOTION TO STAY; AND DENYING PLAINTIFFS' MOTION TO REMAND** <br><br> **(Docket Nos. 18, 24)** |

## I.  INTRODUCTION

Pending before the Court is Defendant Pfizer Inc.'s motion to stay these proceedings and Plaintiffs' motion to remand the instant action to California superior court.  The Court finds this matter suitable for disposition without a hearing and thus **VACATES** the hearing on the motions set for April 24, 2014.  For the following reasons, the Court **GRANTS** Defendant's motion to stay and **DENIES**, without prejudice, Plaintiffs' motion to remand.

## II.  FACTUAL & PROCEDURAL BACKGROUND

On February 21, 2014, Plaintiff Loretta Little and her co-Plaintiffs filed the instant action in the Superior Court of the State of California for the County of Alameda.  Compl. (Docket No. 1-2). Plaintiffs allege that they ingested the drug Lipitor – a pharmaceutical manufactured by Defendant Pfizer and distributed by Defendant McKesson Corporation ("McKesson"). *Id.* ¶ 69.  Lipitor is prescribed to reduce the amount of cholesterol and other fatty substances in the blood and thus to help reduce the risk of developing heart disease. *Id.* ¶¶ 70, 85.

Plaintiffs allege that Lipitor use is "causally related to the development of type 2 diabetes and/or blood glucose level diagnostic for type 2 diabetes." *Id.* ¶ 72. In February 2012, Pfizer added the following language to Lipitor's label: "Increases in HbAlc and fasting serum glucose levels have been reported with HMG-CoA reductase inhibitors, including LIPITOR." *Id.* ¶ 74. Nonetheless, Plaintiffs allege that even with this change, Pfizer continues to clearly warn consumers of the serious risk of developing type 2 diabetes as a result of using Lipitor. *Id.* ¶ 75. Plaintiffs allege that as a result of their use of Lipitor, they were diagnosed with type 2 diabetes. *Id.* ¶ 87. Accordingly, "for the rest of their lives they must undergo regular testing of their blood glucose levels, adhere to a restrictive diabetic diet, and take medication to control their diabetes" as well as having a "markedly increased risk of heart disease, blindness, neuropathy, and kidney disease." *Id.*

Plaintiffs allege six causes of action: (1) Strict liability; (2) negligence; (3) breach of express warranty; (4) breach of implied warranty; (5) fraud; and (6) fraudulent concealment.

On March 13, 2014, Pfizer removed this action to this Court. Docket No. 1. Pfizer asserts that jurisdiction is appropriate under the "mass action" provision of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(11), as well traditional diversity jurisdiction. In the Notice of Removal, Pfizer asserted that McKesson's citizenship should be disregarded as Pfizer alleges it was fraudulently joined in this action. Docket No. 1, at 26.

This action is one of many involving the alleged Lipitor / type 2 diabetes connection. In the federal court system, these actions have generally been transferred to the District of South Carolina pursuant to the multidistrict litigation statute, 28 U.S.C. § 1407. *See In re Lipitor (Atorvastatin Calcium) Marketing, Sales Practices & Products Liability Litigation (No. II)*,. MDL. No. 2502. On March 18, 2014, Pfizer filed before the Judicial Panel on Multidistrict Litigation ("JPML") a Notice of Potential Tag-Along Actions which included the instant action. *See In re Lipitor*, MDL No. 2502, Docket No. 165. On March 25, 2014, the JPML issued a conditional transfer order transferring this action, among others, to the District of South Carolina. *See In re Lipitor*, MDL No. 2502, Docket No. 183. Plaintiffs' counsel has filed an opposition to this conditional transfer order, and the Panel has set a briefing schedule on this issue and set a hearing for May 29, 2014. *See In Re Lipitor*, MDL No. 2502, Docket Nos. 252, 309.

Pfizer has moved to stay the instant action on first ground.  First, Pfizer argues that the jurisdictional and substantive issues in this case "likely will also be presented to the Lipitor MDL court" and that his Court should "stay proceedings . . . pending MDL transfer to avoid prejudice and to achieve the judicial economies that underlie the MDL statute."  Docket No. 18, at 2.  Second, Pfizer argues that the Court should stay proceedings pending the Ninth Circuit's en banc proceedings in *Romo v. Teva Pharmaceuticals USA, Inc.*, 9th Cir. No. 13-56310.  Plaintiffs' on the other hand, has moved to remand the instant action, alleging that there is no federal jurisdiction under § 1332 because (1) McKesson was not fraudulently joined in this action, and (2) the "mass action" provision of CAFA are inapplicable.

### III.  DISCUSSION

Federal courts have the inherent power to issue stays in civil proceedings.  *See Favaloro v. S/S/ Golden Gate*, 687 F. Supp. 475, 481 (N.D. Cal. 1987).  In determining whether to stay proceedings pending a JPML transfer, courts evaluate factors such as: "'(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated.'"  *Jones v. Bristol-Myers Squibb Co.*, No. C 13-2415 PJH, 2013 WL 3388659, at *2 (N.D. Cal. July 8, 2013) (quoting *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)).  Where a motion to remand and motion to stay are pending, courts have held that "deference to the MDL court for resolution of a motion to remand often provides the opportunity for the uniformity, consistency, and predictability in litigation that underlies the MDL system."  *Rifenberry v. Organon USA, Inc.*, No. 13-cv-05463-JST, 2014 WL 296955, at *1 (N.D. Cal. Jan. 26, 2014).

The Court concludes that these factors weigh in favor of staying the instant action pending the JPML's decision on whether to transfer this action to the MDL court.  Plaintiffs' motion to remand raises the question of (1) whether cases coordinated pursuant to California Code of Civil Procedure section 404.1 may be deemed "mass actions" under CAFA and (2) whether pharmaceutical distributors like McKesson should be deemed fraudulently joined under California law in such cases.  *See generally* Docket No. 24-1.  Identical arguments, however, are present in a substantial number of cases also subject to the MDL Court's conditional transfer order.  *See, e.g.*,

*Peters v. Pfizer Inc. et al.*, No. 14-cv-01196, Docket No. 13 (N.D. Cal. Mar. 18, 2014); *Davis v. Pfizer*, No. 14-cv–01204, Docket No. 15 (N.D. Cal. Mar. 18, 2014); *Alanis v. Pfizer, Inc.*, No. 14-cv-00365, Docket No. 8 (E.D. Cal. Mar. 25, 2014). It thus appears likely that the MDL Court will be called upon to adjudicate the same jurisdictional questions posed in this case. Accordingly, staying this action promotes judicial efficiency, avoids duplicative litigation, and avoids the risk of inconsistent results. *See Walker v. Merck & Co., Inc.*, No. 05-CV-360-DRH, 2005 WL 1565839, at *2 (S.D. Ill. June 22, 2005) (finding judicial economy supported stay where "it is almost certain that the transferee court will hear and decide many of the same issues Plaintiffs ask this Court to tackle in ruling on their motion to remand"); *see also In re Vioxx Products Liability Litig.*, 360 F. Supp. 2d 13652 (J.P.M.L. 2005) ("Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary."). There is nothing unique about this case to warrant an exception to the stay.

Further, the Court finds that staying this action will not result in undue prejudice to Plaintiffs. Plaintiffs argue that they will be prejudiced by the stay as it will result in a "delay in having their remand motion heard by the MDL court." Docket No. 26, at 4. Plaintiffs therefore argue that the Court should remand this action to state court without a stay. Plaintiffs are correct that their motion to remand will likely be delayed as a result of the stay and any MDL transfer, such delay does not constitute prejudice sufficient to outweigh the efficiency gains of staying this action. *See J.W. v. Pfizer, Inc.*, No. 13-CV-00318-YGR, 2013 WL 1402962 (N.D. Cal. Apr. 5, 2013) ("Plaintiffs claim that their case will 'languish in federal court,' and their jurisdiction question will not be considered for several months. However, Plaintiffs offer no tangible harm that they would suffer from waiting a term of months." (citation omitted)); *see also Walker*, 2005 WL 1565839, at *2 ("[W]hile Plaintiffs might well be subjected to some delay as a result of the issuance of a stay, that prejudice does not outweigh the judicial economy interests.").

Finally, Plaintiffs argue that this Court should rule on their motion to remand prior to resolving the motion to stay because "removal was improper." However, courts have repeatedly noted that the "general rule is for federal courts to defer ruling on pending motions to remand in

4

MDL litigation until after the [JPML] has transferred the case." *Robinson v. DePuy Orthopaedics, Inc.*, No. 3:12-cv-00003, 2012 WL 831650 (W.D. Va. Mar. 6, 2012). The Court notes that other courts in this district have followed this general rule. *See, e.g.*, *Peters v. Pfizer Inc. et al.*, No. 14-cv-01196, Docket No. 21 (N.D. Cal. Mar. 27, 2014); *Rouda v. Pfizer*, No. 14-cv-1195-JST, Docket No. 29 (N.D. Cal. Apr. 14, 2014).[1]

## IV.  CONCLUSION

For the foregoing reasons, Pfizer's motion to stay is **GRANTED**. Plaintiffs' motion to remand is **DENIED** without prejudice to Plaintiffs renewing the motion either before this Court (should the JPML not transfer the instant action) or before the MDL Court.

This order disposes of Docket Nos. 18 and 24.

IT IS SO ORDERED.

Dated: April 18, 2014

_____
EDWARD M. CHEN
United States District Judge

---

[1] Plaintiffs also argue that transfer is improper because 28 U.S.C. § 1404, a case may only be transferred to another district where the case could have originally been brought. However, this argument fails for the simple fact that transfer to an MDL Court is governed by a separate statute that does not include the § 1404's limitation – 28 U.SC. § 1407.