Case 3:14-cv-01177-EMC   Document 36   Filed 06/10/14   Page 1 of 6
2:14-mn-02502-RMG   Date Filed 06/06/14   Entry Number 185   Page 1 of 6
Case MDL No. 2502   Document 443   Filed 06/06/14   Page 1 of 6

A TRUE COPY
ATTEST: ROBIN L. BLUME, CLERK

BY: *Sandra S. Shealy*
DEPUTY CLERK

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: LIPITOR (ATORVASTATIN CALCIUM)
MARKETING, SALES PRACTICES AND PRODUCTS
LIABILITY LITIGATION (NO. II)                                MDL No. 2502

TRANSFER ORDER

**Before the Panel:** Pursuant to Panel Rule 7.1, plaintiffs in 81 actions move to vacate our orders conditionally transferring the actions to the District of South Carolina for inclusion in MDL No. 2502. Defendants Pfizer Inc. and McKesson Corporation oppose the motions. The actions, which are listed on the attached Schedule A, are pending in the Central District of California (76 actions), the Eastern District of California (one action), and the Northern District of California (four actions).

In their motions to vacate, plaintiffs principally argue that the actions were improperly removed from California state court. As we frequently have held, however, the pendency of jurisdictional objections is not, as a general matter, a sufficient reason to delay or deny transfer. Under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date the Panel finalizes transfer of the action to the MDL, a court wishing to rule upon that motion generally has adequate time to do so.

These actions all were removed on Class Action Fairness Act (CAFA) "mass action" grounds, as well as diversity grounds. CAFA prohibits transfer, under 28 U.S.C. § 1407, of an action removed on mass action grounds, absent a request by a majority of the plaintiffs therein.[1] We have held, however, that this prohibition is not an impediment to transfer where other grounds for federal jurisdiction also are asserted. *See In re: Darvocet, Darvon & Propoxyphene Prods. Liab. Litig.*, 939 F. Supp. 2d 1376, 1381 (J.P.M.L. 2013). Plaintiffs suggest, however, that in such a situation (*i.e.*, one in which an action has been removed on CAFA mass action and other grounds), we should assess the reasonableness of those other grounds. We lack such authority, and thus reject this suggestion. *See In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) ("Section 1407 does not empower the MDL Panel to decide . . . issues relating to a motion to remand").

Plaintiffs also suggest that we revisit our April 2013 *Darvocet* decision, questioning whether it was correctly decided. They argue that Congress must have intended to preclude Section 1407 transfer of any action removed on CAFA mass action grounds because (1) it excluded from the definition of a removable "mass action" state court cases in which the claims are "consolidated or

---

[1]   *See* 28 U.S.C. § 1332(d)(11)(C)(i).

Case 3:14-cv-01177-EMC   Document 36   Filed 06/10/14   Page 2 of 6
2:14-mn-02502-RMG   Date Filed 06/06/14   Entry Number 185   Page 2 of 6
Case MDL No. 2502   Document 443   Filed 06/06/14   Page 2 of 6

-2-

coordinated solely for pretrial proceedings"[2]; (2) Section 1407(a) authorizes the Panel to transfer related federal actions only for "coordinated or consolidated pretrial proceedings"[3]; and (3) CAFA prohibits Section 1407 transfer of an action removed on CAFA mass action grounds, absent a request by a majority of the plaintiffs. We have reviewed our decision in *Darvocet* and believe that it represents the most reasonable interpretation of the involved statutes. Under CAFA, a state court action "in which the claims have been consolidated or coordinated solely for pretrial proceedings" is not a mass action to begin with. The fact that this exclusionary language is similar, but not identical, to the "coordinated or consolidated pretrial proceedings" language in Section 1407(a) is not persuasive.

Moreover, plaintiffs' arguments do not undermine our basic reasoning in *Darvocet*. As we explained in that decision, nothing in CAFA or its legislative history suggests that Congress "intended the mass action provision to render a case that otherwise would have been within the Panel's purview – *e.g.*, a case removed on diversity or federal question grounds – not transferrable merely because the defendant has cited the mass action provision as an additional ground in its notice of removal." *See* 939 F. Supp. 2d at 1380. Indeed, reading the provision in such a manner "would effect a partial repeal of the authority conferred by Section 1407 without any clear indication of legislative intent to do so." *Id.*

After considering all argument of counsel, we find that these actions involve common questions of fact with actions previously transferred to MDL No. 2502, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, transfer is warranted for the reasons set out in our original order directing centralization. In that order, we held that the District of South Carolina was an appropriate Section 1407 forum for actions "shar[ing] factual issues arising from common allegations that taking Lipitor can cause women to develop type 2 diabetes." *See In re: Lipitor (Atorvastatin Calcium) Mktg., Sales Practices & Prods. Liab. Litig.*, — F. Supp. 2d —, 2014 WL 661589, at *2 (J.P.M.L. Feb. 18, 2014). Plaintiffs do not dispute that their actions share multiple factual issues with those already in the MDL.

---

[2]   *See* 28 U.S.C. § 1332(d)(11)(B)(ii)(IV).

[3]   *See* 28 U.S.C. § 1407(a).

Case 3:14-cv-01177-EMC   Document 36   Filed 06/10/14   Page 3 of 6
2:14-mn-02502-RMG    Date Filed 06/06/14   Entry Number 185    Page 3 of 6
Case MDL No. 2502   Document 443   Filed 06/06/14   Page 3 of 6

-3-

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, these actions are transferred to the District of South Carolina, and, with the consent of that court, assigned to the Honorable Richard M. Gergel for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Sarah S. Vance |
| Ellen Segal Huvelle | R. David Proctor |

Case 3:14-cv-01177-EMC   Document 36   Filed 06/10/14   Page 4 of 6
2:14-mn-02502-RMG   Date Filed 06/06/14   Entry Number 185   Page 4 of 6
Case MDL No. 2502   Document 443   Filed 06/06/14   Page 4 of 6

**IN RE: LIPITOR (ATORVASTATIN CALCIUM) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION (NO. II)**   MDL No. 2502

## SCHEDULE A

<u>Central District of California</u>

PAMELA MCKENZIE, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01800
HETTIE BRADLEY, ET AL. v. PFIZER, INC., C.A. No. 2:14-01803
JUANA GARCIA, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01804
BERNADETTE FERNANDEZ, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01806
SEGALILT SIEGEL, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01807
BONNIE KESSNER, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01811
DEBERAH RIVINGTON, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01814
PHYLLIS BEIMA, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01815
NINA OBUCH, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01816
ALIDA ADAMYAN, ET AL. v. PFIZER, INC., C.A. No. 2:14-01818
MARIA CARBAJAL, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01819
DOROTHY M. ANDRES, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01820
DONNA KRUENEGEL, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01822
MATTIE KING, ET AL. v. PFIZER, INC., C.A. No. 2:14-01823
MARY STANTON, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01827
ROSE A. WILLIAMS, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01828
VICKY AVILA, ET AL. v. PFIZER, INC., C.A. No. 2:14-01829
MAIZY BENONS, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01831
LINDA ROY, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01832
BRENDA JOHNSON, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01836
BLANCA MEJIA, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01837
LORI ANN WEISMAN, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01841
SYLVIA ALVARDO v. PFIZER, INC., ET AL., C.A. No. 2:14-01843
LENA WHITAKER, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01844
MARTHA BOWSER v. PFIZER, INC., ET AL., C.A. No. 2:14-01846
PATRICIA LEWIS, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01848
EMMA FRIELDS, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01850
FIETTE WILLIAMS, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01853
PALLAVI MEHTA, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01854
THERESA MEDINA, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01857
DEBORAH MCCLAIN, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01858
VALERIE DAVIS v. PFIZER, INC., ET AL., C.A. No. 2:14-01860
TONISHA POWELL, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01861
ZURITA GRAY, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01862
CLARA BAGDASARIAN, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01863
CLARA OWENS v. PFIZER, INC., ET AL., C.A. No. 2:14-01865

Case 3:14-cv-01177-EMC   Document 36   Filed 06/10/14   Page 5 of 6
2:14-mn-02502-RMG   Date Filed 06/06/14   Entry Number 185   Page 5 of 6
Case MDL No. 2502   Document 443   Filed 06/06/14   Page 5 of 6

- A2 -

**MDL No. 2502 Schedule A (Continued)**

      Central District of California (continued)

    DELORIS ANN RICHARD, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01866
    MAZAL AZZAM, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01867
    IMELDA DIAZ, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01869
    SHAHLA OWHADY, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01872
    OUIDA VALENTINE, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01874
    LORETTA CURLEY, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01876
    REGINA FEBERDINO, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01889
    RUTH ENGLISH, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01892
    CHERI LUBENKO v. PFIZER, INC., ET AL., C.A. No. 2:14-01894
    JESSIE HILL, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01895
    DORIS CHOATE, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01896
    SUSAN KELLEY, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01897
    CHARLENE TATE, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01898
    MARY ADAMIAN, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01899
    CANDACY ROBERTS-ANDERSON, ET AL. v. PFIZER, INC., ET AL.,
        C.A. No. 2:14-01904
    LOUISE HARRIS, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01906
    SHIRLEY REYNOLDS, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01907
    JUANITA BANKS, ET AL. v. PFIZER, INC., C.A. No. 2:14-01908
    RUBY HARE, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01910
    MARION CONSTANT v. PFIZER, INC., ET AL., C.A. No. 2:14-01911
    JANICE S. ROBINSON, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01912
    JOY ZULLO, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01914
    DONNA WILLIS v. PFIZER, INC., ET AL., C.A. No. 2:14-01916
    FRANKIE BROWN, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01921
    JOCELYN CLEMENTE SALVO, ET AL. v. PFIZER, INC., ET AL.,
        C.A. No. 2:14-01924
    GLADYS ANDERSON, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01925
    DARLENE JORDAN, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01928
    DEANN PIERCE v. PFIZER, INC., ET AL., C.A. No. 2:14-01929
    DENELLE BAILEY, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01930
    EDITH WAKABAYASHI v. PFIZER, INC., ET AL., C.A. No. 2:14-01931
    MAYE ALBERSTONE, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01932
    ROSE HODGES v. PFIZER, INC., ET AL., C.A. No. 2:14-01936
    MARILYN WILLIAMS, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01937
    LINDA FRANZONE, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01940
    JOYCE LUBNIEWSKI v. PFIZER, INC., ET AL., C.A. No. 2:14-01942
    TOMIE ISREL, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01943
    ELIZABETH ANN WATTS, ET AL. v. PFIZER, INC., ET AL.,
        C.A. No. 2:14-01997

Case 3:14-cv-01177-EMC   Document 36   Filed 06/10/14   Page 6 of 6
2:14-mn-02502-RMG   Date Filed 06/06/14   Entry Number 185   Page 6 of 6
Case MDL No. 2502   Document 443   Filed 06/06/14   Page 6 of 6

- A3 -

**MDL No. 2502 Schedule A (Continued)**

<u>Central District of California</u> (continued)

MONICA NEWMAN, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-02041
ALMA RICHARDS v. PFIZER, INC., ET AL., C.A. No. 5:14-00485
SHARON PARKER, ET AL. v. PFIZER, INC., ET AL., C.A. No. 5:14-00496

<u>Eastern District of California</u>

ALANIS, ET AL. v. PFIZER, INC., ET AL., C.A. No. 1:14-00365

<u>Northern District of California</u>

LITTLE, ET AL. v. PFIZER, INC., C.A. No. 3:14-01177
ROUDA v. PFIZER, INC., ET AL., C.A. No. 3:14-01195
PETERS v. PFIZER, INC., ET AL., C.A. No. 3:14-01196
KATHLEEN DAVIS v. PFIZER, INC., C.A. No. 3:14-01204