UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORETTA LITTLE, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>PFIZER INC, et al.,<br><br>    Defendants. | Case No. 14-cv-01177-EMC<br><br>**RELATED TO**<br><br>Case No. 14-cv-01195-EMC<br>Case No. 14-cv-01196-EMC<br>Case No. 14-cv-01204-EMC<br>Case No. 14-cv-01488-EMC<br><br>**ORDER TO SHOW CAUSE**<br><br>Docket No. 129 |

Previously, the parties in the above-referenced case stipulated to a stay of proceedings pending a decision by Judge Carney of the Central District of California in multiple cases pending before him. In those cases, Judge Carney was presented with the issue of whether there is subject matter jurisdiction pursuant to CAFA's mass action provision. That same issue is present in the instant action.

Plaintiffs have now notified the Court that Judge Carney has issued his decision. *See* Docket No. 129 (notice) (referencing order issued on May 23, 2017). More specifically, Judge Carney has concluded that subject matter jurisdiction is lacking and therefore granted the motion to remand back to state court. *See* Docket No. 129-1 (Order at 16) (holding that fewer "than 100 plaintiffs have proposed that their cases be tried jointly" and so "the Court does not have jurisdiction under CAFA's mass action provision and all Lipitor cases presently before this Court must be remanded to state court"). Plaintiffs have further notified the Court that, after Judge Carney issued his opinion, Pfizer moved to stay his order pending appeal to the Ninth Circuit. Judge Carney denied Pfizer's motion on May 31, 2017. *See* Docket No. 129-2 (order).

In response to Plaintiffs' notice, Pfizer has filed a statement with the Court, in which it asks the Court to "defer resolution of any motion to remand pending the Ninth Circuit's review of Pfizer's appeal." Docket No. 130 (Resp. at 1). Pfizer points out that, under 28 U.S.C. § 1453, if the Ninth Circuit were to accept Pfizer's appeal, it would have to "complete all action on such appeal, including rendering judgment, not later than 60 days after the date on which such appeal was filed, unless an extension is granted . . . ." 28 U.S.C. § 1453(c)(2); *see also id.* § 1453(d)(3) (providing that an extension may be granted if all parties agree to an extension "for any period of time" or if good cause is shown for an extension and in the interests of justice "for a period not to exceed 10 days"). If the Court "declines to defer ruling on remand pending appeal," Pfizer asks the Court to "enter a briefing schedule on Plaintiffs' motion to remand." Docket No. 130 (Resp. at 1-2).

The Court is not persuaded by Pfizer's contention that there should, in effect, be a stay pending appeal. Judge Carney explained in his second order why he would not issue a stay pending. Pfizer has not addressed any of Judge Carney's reasons and rests solely on the timing provided for by § 1453.

The Court therefore shall order a briefing schedule on the remand issue, which is the alternative relief requested, in effect, by both parties. More specifically, the Court hereby orders Pfizer to show cause as to why the Court should not remand the pending action (as well as the related cases, *see* Nos. C-14-1488 EMC, C-14-1195 EMC, C-14-1196 EMC, C-14-1204 EMC).

Pfizer's response to this order to show cause shall be filed within three weeks of the date of this order. Plaintiffs may file a response to Pfizer's filing within five weeks of the date of this order. If necessary, the Court shall thereafter set a hearing on the order to show cause.

**IT IS SO ORDERED**.

Dated: June 7, 2017

_____
EDWARD M. CHEN
United States District Judge